**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NATTEL, LLC, | ) |
|                    Plaintiff, | )    CIVIL ACTION |
| | )    NO. 3:04cv1061 (JBA) |
|      v. | ) |
| SAC CAPITAL ADVISORS, LLC, | ) |
| SAC CAPITAL MANAGEMENT, LLC, | ) |
| SAC CAPITAL ASSOCIATES, LLC, and | ) |
| STEVEN A. COHEN, | ) |
| | )    OCTOBER 4, 2004 |
|               Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF NATTEL'S MOTION FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT

Plaintiff NatTel, LLC ("NatTel") respectfully submits this memorandum of law in

support of its motion, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to

amend its Second Amended Complaint dated August 13, 2004 to voluntarily withdraw and delete

**without prejudice** certain causes of action and supporting allegations. All present claims and

factual allegations in the Second Amended Complaint will remain the same except for the

following changes: Counts III and X through XIV will be deleted, as well as certain allegations

that the defendants pledged NatTel's stock in Oceanic Digital Communications, Inc. ("ODC") as

security for loans made by the defendants to ODC.[1]  The remaining causes of action and

statements of fact have been renumbered accordingly. NatTel's proposed Third Amended

---

[1]   Specifically, the following statements of fact and prayers for relief in the Second Amended Complaint have been
withdrawn: ¶ 1 (deleting the phrase: "SAC has converted NatTel's shares in the company for SAC's own benefit");
¶ 2 at subpart (4); ¶ 4 (deleting subpart (ii) as well as the phrase: "NatTel also seeks equitable remedies"); ¶ 11 at
subparts (a) & (b); ¶ 12 at subpart (ii); ¶ 36; ¶¶ 53-61; ¶ 65 at subparts (b) & (c); ¶ 67; ¶ 68 (deleting the phrase
"and Loan Documents"); ¶ 73 (deleting the phrase: "and Loan Documents"); ¶ 77 (deleting the phrase: "including
the racketeering acts and pattern of racketeering activity described below"); ¶ 79; ¶¶ 82-95; and ¶¶ C, J-N of the
Prayer for Relief.

CTDOCS 12657.1

Complaint is attached as **Exhibit 1** to the motion for leave to amend.

NatTel seeks to withdraw the above six causes of action and allegations until such time as it can uncover additional evidentiary support for its claims based on the defendants' alleged unlawful pledging of NatTel's ODC stock as debt security. Although NatTel continues to believe such claims may exist, NatTel at this time prefers to err on the side of caution. The defendants have recently presented a Note Purchase Agreement dated October 6, 2000 between ODC and defendant SAC Capital Associates, LLC ("SAC Associates"), attached as Exhibit A to the Affidavit of Peter Nussbaum dated September 13, 2004, which the defendants claim shows that NatTel's ODC stock was never pledged by the defendants as ODC debt security. This agreement is in contrast to the only other piece of evidence on this subject that had previously been available to NatTel, a Deloitte & Touche note to ODC's audited financial statements for 2000 stating that ODC's debt to SAC Associates was secured by a "security interest over **all** assets and **capital stock** of ODC." Second Amended Complaint ¶ 53. While NatTel has some questions regarding the validity, accuracy, and import of the newly produced Note Purchase Agreement, which defendants just recently produced in support of their Motion to Dismiss the Second Amended Complaint despite previous repeated requests by NatTel for any such document, NatTel is nevertheless willing to withdraw and delete its allegations as to the pledging of NatTel's ODC stock until such time as further evidence on this matter is developed.

Permitting NatTel to withdraw these causes of action and allegations will cause no prejudice to the defendants because no new claims or factual allegations have been added, defendants have not yet filed an answer to any version of NatTel's complaint, and discovery has not yet begun. Under these circumstances, leave to amend should be freely granted under Rule 15(a).

2

## ARGUMENT

## POINT I

## LEAVE TO AMEND SHOULD BE FREELY GIVEN UNDER RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and **leave shall be freely given when justice so requires**.

Fed. R. Civ. P. 15(a) (emphasis added).

"The courts have shown 'a strong liberality . . . in allowing amendments under Rule 15(a).'" 3 Moore's Federal Practice, § 15.08[2] at 15-47 (1996) (citation omitted). See also 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1479 at 568 (1990) (describing "liberal amendment policy embodied in Rule 15(a)"). Leave to amend will be granted except under certain prejudicial circumstances, none of which are present in the instant action:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should . . . be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); accord Miller v. Selsky, 2000 U.S. App. LEXIS 29697, *5-6 (2d Cir. Nov. 21, 2000). See also Wright, Miller & Kane, supra, § 1484 at 600 (amendments under Rule 15(a) "may be made at any stage of the litigation . . . . If no prejudice [to other parties] is found, then leave normally will be granted.").

3

As discussed above, NatTel's motion for leave to amend is brought in a good faith effort to withdraw claims based, at present, upon uncertain evidence. Permitting an amendment to withdraw these claims would not be futile. Furthermore, granting NatTel's motion for leave to amend would result in absolutely no undue delay or prejudice to the defendants. If anything, NatTel's proposed amendments are to the defendants' benefit. NatTel's Third Amended Complaint seeks only to **withdraw** certain claims against the defendants. No new facts or claims are asserted. In such a case, "[i]t is inconceivable that the district court would hold [the plaintiff] to claims that he no longer wishes to press." Caspary v. Louisiana Land & Exploration Co., 725 F.2d 189, 192 (2d Cir. 1984).

Permitting an amendment at the current stage of the proceedings in this case also does not prejudice the defendants because no answer to the complaint has yet been filed, nor has discovery begun. See, e.g., Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985) ("in the preliminary stages of the lawsuit, the trial court should permit discovery and freely grant leave to amend the complaint under Rule 15"); Commonwealth Oil Ref. Co. v. Arochem Corp., 1993 Bankr. LEXIS 1312, *10 (D. Conn. Sept. 15, 1993) (motion to amend granted where "adversary proceeding is in an early stage, the plaintiff has not unduly delayed its effort to amend, and there is no claim or evidence that the [defendant] would be prejudiced by the proposed amendment").

4

## CONCLUSION

For the foregoing reasons, NatTel's Motion for Leave to Amend the Second Amended Complaint should be granted.

PLAINTIFF,
NATTEL, LLC

By: _____
Richard S. Order (ct02761)
Eric D. Beal (ct23167)
Elizabeth T. Timkovich (ct24982)
**AXINN, VELTROP & HARKRIDER LLP**
90 State House Square
Hartford, Connecticut 06103-3702
Tel.: (860) 275-8100
Fax: (860) 275-8140
E-mail: rso@avhlaw.com

Kerry R. Callahan, Esq. (ct06569)
James N. Tallberg, Esq. (ct17849)
**UPDIKE, KELLY & SPELLACY P.C.**
One State Street
Hartford, CT 06123
Tel: (860) 548-2600
Fax: (860) 548-2680
E-mail: krcallahan@uks.com

5

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing has been served via Federal Express, this 4th day of October, 2004 to:

Robin G. Frederick, Esq.   Martin B. Klotz, Esq.
Shipman & Goodwin LLP   Willkie Farr & Gallagher LLP
300 Atlantic Street     787 Seventh Avenue
Stamford, CT 06901    New York, NY 10019

By: _Elizabeth Timkovich_
   Elizabeth T. Timkovich, Esq.

6